**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2020[*]
Decided September 17, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1362

| | |
|---|---|
| DONALD MAINS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 3:18-cv-881-bbc |
| | |
| ANDREW M. SAUL, | Barbara B. Crabb, |
| Commissioner of Social Security, | *Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

Donald Mains believes that the Social Security Administration discriminated against him based on his disability by shortchanging his retirement benefits. He sued the agency for what he regarded as a miscalculation of his monthly benefit amount (he thought the amount should be calculated based on gross earnings from self-employment rather than net earnings). Because the district court could not discern how Mains's claim challenged a "final decision" of the agency "made after a hearing,"

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

42 U.S.C. § 405(g), the court ordered him to show cause why his action should not be dismissed for lack of subject-matter jurisdiction. Mains responded but failed to identify any such final decision, let alone any reviewable administrative action, so the court dismissed the suit on jurisdictional grounds. *See* 28 U.S.C. § 1915(e)(2). In passing, the court expressed skepticism that Mains could mount any challenge to the proper amount of benefits received. *See* 20 C.F.R. § 404.1001(a)(1)(5) (requiring the agency to base self-employment income on an individual's "net earnings from self-employment during a taxable year").

On appeal Mains maintains that the agency discriminated against him by calculating his benefits based on his net income. But the district court correctly determined that he did not challenge a final agency decision. The existence of a final decision by the Commissioner after a hearing is "central to the requisite grant of subject-matter jurisdiction." *Home Care Providers, Inc. v. Hemmelgarn*, 861 F.3d 615, 624 (7th Cir. 2017) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). As the district court pointed out, Mains could have challenged his retirement benefits by seeking reconsideration of the initial agency decision within sixty days of the January 2015 award, *see* 20 C.F.R. § 404.909(a)(1), but he failed to do so.

AFFIRMED